## ACCEPTANCE OF BEQUEST NOT A BAR TO CONTEST OF THE WILL.

Court of Appeals for Perry County.

SOLOMON E. SPANGLER V. JASPER C. BEARE ET AL.

Decided, May 2, 1913.

*Wills—Right of Legatee to Contest—Where Bequest Has Been Received and Afterward Returned—Charge of Court.*

The acceptance of a bequest of personal property does not bind the beneficiary not to contest the will, as in the case of the acceptance of real property, but the money or property so received may be returned to the executor and the legatee left free to contest the will.

*D. M. Barr* and *T. B. Williamson*, for plaintiff in error.
*John Ferguson* and *Stanley B. Crew*, contra.

BY THE COURT (VOORHEES, SHIELDS and POWELL, JJ.)

This was an action commenced in the court of common pleas by the plaintiff in error, who was plaintiff below, against the defendants in error to set aside the will of one Emanuel Beare, deceased, which before that time had been admitted to probate and record in the probate court of this county.

The petition was in the usual form, alleging that the paper writing, purporting to be the will of said Emanuel Beare, deceased, and which had been admitted to probate and record in said probate court was not the last will and testament of Emanuel Beare, deceased, without specifying any ground or reason why the same was not such last will and testament.

An answer was filed, denying the averments of the petition, and alleging as a special defense that by the terms of such will, as probated, Solomon E. Spangler was given a legacy of $4,000, which legacy, with its accumulated interest, had been received by him from the defendant, Jasper C. Beare, as executor of the will of said Emanuel Beare, deceased, and who had thereupon receipted for the same in full settlement of all his rights under such will as a legatee.

To this answer a reply and an amended and a supplemental reply were filed, the effect of which was to tender back to the said executor the amount of money received by the plaintiff, who admitted its receipt, but who claimed that such acceptance was procured by fraud and misrepresentation of the other defendants named in the proceedings, which money, however, the executor refused to receive, when the same was deposited with the clerk of courts as a tender for that purpose.

The question presented to the jury for determination was whether or not the testator, Emanuel Beare, had executed another and subsequent will to the one that had been admitted to probate, by the terms of which the former will had been revoked, and that the same had never been republished as and for his last will, and the same was therefore void.

Numerous errors as to the admission and rejection of testimony were insisted upon in this court. Also it is urged that the court erred in its charge to the jury, by which the plaintiff was prevented from having a fair trial. We have examined the entire record with reference to the assignments of error presented by the petition in error, and we are of the opinion that in the charge of the court there was error which was misleading to the jury and prejudicial to the rights of the plaintiff in error. The court charged in substance, and it is to be found on page 7 of the charge or 145 of the bill of exceptions, that if the jury find that plaintiff had accepted the $4,000, and that such acceptance was not brought about by fraud and misrepresentation of the executor but was accepted by plaintiff without such fraud and misrepresentation that that would be the end of the case. Further, that the jury need not go into any further questions because the mere acceptance of the legacy under the will would bind plaintiff from making any contest in the court of common pleas at all. This court is of the opinion that this proposition is not the law in Ohio when applied to a legacy or gift of personal property, but is applicable only when the gift or device is a gift of real estate. We are of the opinion that such acceptance of a legacy could be revoked and the money returned, whereupon the rights of the legatee to contest the will would stand

just as though no such payment had ever been made and we think that this charge is such error that the judgment of the court of common pleas should be reversed.

We have examined the whole record with reference to the other errors assigned and we find that, while there may have been other errors, yet we would not feel called upon to reverse the judgment upon them alone, and especially as the one specified is in our opinion sufficient to justify a reviewing court to reverse such judgment.